IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>O'HARA INTERIORS, LLC, )<br><br>Defendant. ) | Case No. 16-CV-00680-W-DW |

## DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Judgment by Default by the Court (the "Motion"). See Doc. 4. No response has been filed, and an entry of default by the Clerk has been previously entered against Defendant. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and for good cause shown, the Motion is GRANTED.

Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs. Indeed, no proceedings have been made by defendant since the institution of this action.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, O'HARA INTERIORS, LLC, and in favor of plaintiffs, Carpenters District Council of Kansas City Pension Fund, Carpenters Health and Welfare Trust Fund of St. Louis, Carpenters Joint Training Fund of St. Louis, Carpenters Vacation Trust Fund of St. Louis, St. Louis-Kansas City Carpenters Regional Council and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

### COUNT I

1.  Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of

employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **October 6, 2015,** to date.

2. That the plaintiff, Carpenters District Council of Kansas City Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **October 6, 2015,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City Pension Fund on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## **COUNT II**

1. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the

total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **October 6, 2015,** to date.

2. That the plaintiff, Carpenters Health and Welfare Trust Fund of St. Louis, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **October 6, 2015,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters Health and Welfare Trust Fund of St. Louis on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

### COUNT III

1. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **October 6, 2015,** to date.

2. That the plaintiff, Carpenters Vacation Trust Fund of St. Louis, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **October 6, 2015,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters Vacation Trust Fund of St. Louis, on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT IV

1. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **October 6, 2015,** to date.

2. That the plaintiff, Carpenters Joint Training Fund of St. Louis, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number

of hours found by said accounting to have been paid to employees covered by said agreements from **October 6, 2015,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

  3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters Joint Training Fund of St. Louis on behalf of employees working under the collective bargaining agreements.

  4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

  5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT V

  1. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements for the period **October 6, 2015,** to date.

  2. That the plaintiff, St. Louis-Kansas City Carpenters Regional Council, have and recover of and from the defendant a sum of money as unpaid dues equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **October 6, 2015,** to date times the hourly amounts due under said agreements and that the assessment of

attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements, present and future, relating to the reporting and payment of dues to the St. Louis-Kansas City Carpenters Regional Council on behalf of employees working under the collective bargaining agreements.

Dated: October 28, 2016 /s/ Dean Whipple
UNITED STATES DISTRICT JUDGE